# EXHIBIT A

Avi Burkwitz, Esq., Bar No.: 217225
Gil Burkwitz, Esq., Bar No.: 289337
Krystal Saleh, Esq., Bar No.: 320932
PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

*Exempt from Filing Fee*
*Government Code Section 6103*

Attorneys for Defendant, COUNTY OF LOS ANGELES

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| J.N. A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, SONIA PATRICIA ROMERO,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, a Municipal Entity, DANNY WANG, M.D., DAVID OH, M.D., and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No.: 20STCV23768<br>Assigned to the Honorable: Rafael A. Ongkeko [Dept 73]<br><br>**DEFENDANT COUNTY OF LOS ANGELES' ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: June 23, 2020 |

COMES NOW, Defendant, COUNTY OF LOS ANGELES (the "County" and/or "Defendant") and answers Plaintiff, J.N. A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, SONIA PATRICIA ROMERO'S [hereinafter "Plaintiff"] Complaint as follows:

Pursuant to the provisions of California Code of Civil Procedure §431.30(d), Defendant generally denies each and every allegation contained in the Complaint.

In further answer to the allegations contained in the Complaint, the County denies that Plaintiff has been injured or damaged in the amount alleged, or in any other sum or amount whatsoever, or at all, by any act or omission of the County.

In further answer to the County, and for separate affirmative defenses, and without conceding that the County has the burden of proof on any such "defenses," the County alleges as follows with respect to all

1

causes of action unless otherwise noted:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State A Cause Of Action)

1. Each purported cause of action in the Complaint fails to state sufficient facts to state a claim for relief against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statute Of Limitations)

2. Each purported cause of action in the Complaint is barred, in whole or in part, by the applicable statute of limitation.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

3. By virtue of his conduct and actions, Plaintiff's claims are barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

4. By virtue of his conduct and actions, Plaintiff's claims are barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Contributory or Comparative Fault)

5. Plaintiff is responsible for any damages and/or liability as alleged herein. Alternatively, if Defendant is deemed to be responsible for any damages and/or liability as alleged herein, it is only for that portion for which it was at fault and not any portion for which Plaintiff or any other person was at fault.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Economic Damages)

6. Defendant is informed and believes and, on that basis, alleges that Plaintiff has failed to make reasonable efforts to mitigate the alleged damages he claims to have suffered. Accordingly, the relief, if any, to which Plaintiff is entitled must be diminished, in whole or in part, by the extent of (a) the actual mitigation of economic damages, and (b) any additional mitigation on his economic damages which with reasonable diligence Plaintiff could have accomplished.

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Non-Economic Damages)

7. Defendant is informed and believes and, on that basis, alleges that Plaintiff has failed to make reasonable efforts to mitigate the alleged non-economic damages he claims to have suffered. Accordingly, the relief, if any, to which Plaintiff is entitled must be diminished, in whole or in part, by the extent of (a) the actual mitigation of his non-economic damages, and (b) any additional mitigation of his non-economic damages which with reasonable diligence Plaintiff could have accomplished.

## EIGHTH AFFIRMATIVE DEFENSE

### (Privileged Conduct)

8. Defendant alleges that it is not responsible for Plaintiff's alleged injuries as its conduct was permissible.

## NINTH AFFIRMATIVE DEFENSE

### (Consent)

9. Defendant alleges that Plaintiff's expressly or impliedly consented to the medical treatment.

## TENTH AFFIRMATIVE DEFENSE

### (Proposition 51)

10. The liability, if any, of Defendant is further limited by the provisions of Proposition 51 as set forth in California Code of Civil Procedure sections 1431, 1431.1, 1431.2, 1431.3, 1431.4 and 1431.5.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Statutory Caps on Damages)

11. At the time of trial Defendant may elect to limit or diminish Plaintiff's alleged damages or losses as provided and authorized by California Code of Civil Procedure sections 3333.1, 3333.2, and 667.7.

## TWELFTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

12. At all times mentioned in the Complaint, Plaintiff knew, or in the exercise of ordinary care was charged with knowledge, that he was submitting himself to medical treatment services with full knowledge of the risks attendant thereto. Accordingly, Plaintiff freely, voluntarily, and expressly assumed all risks barring Plaintiff's recovery.

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

### THIRTEENTH AFFIRMATIVE DEFENSE

*(Waiver)*

13. By virtue of his conducts and actions, Plaintiff's claims are barred by the doctrine of waiver.

### FOURTEENTH AFFIRMATIVE DEFENSE

*(Consent)*

14. All of Defendant's contact with Plaintiff was consented to by Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

*(Failure to Comply with Government Tort Claims Act)*

15. To the extent that any of the actions are common law claims, any failure to timely comply with the provisions of Government Code §900, *et sec* ("Government Tort Claims Act") would bar Plaintiff from bringing any such claim against Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

*(California Claims Act—Entity Immunity Generally)*

16. Without admitting liability, the County of Los Angles (a public entity) and its employees are immune from liability for injury, whether caused by act or omission of the public entity, an employee thereof or any other person, except as expressly provided by statute.

### SEVENTEENTH AFFIRMATIVE DEFENSE

*(California Claims Act—Acts or Omissions of Others)*

17. Without admitting liability, Defendant is immune from the claims, causes of action, and allegations in the operative complaint pursuant to California Government Code § 820.8, which states the following: "Except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person."

### EIGHTEENTH AFFIRMATIVE DEFENSE

*(California Claims Act—Discretionary Acts Immunity)*

18. Without admitting liability, Defendant is immune from the claims, causes of action, and allegations in the operative complaint pursuant to California Government Code § 820.2, which states that "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or

not such discretion be abused."

## NINETEENTH AFFIRMATIVE DEFENSE

*(California Claims Act—No Statute Providing Entity Liability)*

19. Without admitting liability, the County (a public entity) is not liable for the alleged injuries, whether such injury arises out of an act or omission of the public entity or a public employee or any other person, except as expressly provided by statute. Cal. Gov. Code § 815.

## TWENTIETH AFFIRMATIVE DEFENSE

20. Defendant is entitled to qualified immunity on the grounds that no violation of constitutionally-protected interests occurred, the applicable law did not clearly establish that Defendant's conduct was unlawful, and a reasonable official would have believed that Defendant's conduct was lawful under the circumstances they faced.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

*(Monell liability)*

21. The County is absolved of any liability because, the constitutionality of its policies notwithstanding, no individual defendant committed any act that violated Plaintiffs' constitutional rights. Furthermore, the County is absolved of any liability because, even if its policies are unconstitutional and even if the individual defendants did commit acts that violated Plaintiffs' constitutional rights, there is no causal nexus between the acts of the individuals and the County's policies.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(California Claims Act—Entity Immunity For Misrepresentations)

22. Without admitting liability, Defendants allege that the County, a public entity, is not liable for an injury caused by misrepresentation by an employee of the public entity, whether negligent or intentional. Cal. Gov. Code § 818.8.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(California Claims Act—Entity Derivative Immunity)

23. Without admitting liability, Defendant alleges that the County (a public entity) is not liable for the alleged resulting from the acts or omissions of any of its employees where the employee is immune from liability. Cal. Gov. Code § 815.2(b).

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (California Claims Act—Entity Diligence)

24. Without admitting liability, Defendant alleges that the County is not liable for any injury proximately caused by its failure to discharge any mandatory duty because the County exercised reasonable diligence to discharge the duty. Cal. Gov. Code § 815.6.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Legitimate, Non-Discriminatory Reasons)

25. The Complaint fails to state a claim for which relief may be granted, because any actions taken by Defendant with respect to Plaintiff were based upon legitimate, non-discriminatory reasons.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing from this action and that the action is dismissed, in its entirety, with prejudice;

2. That judgment be entered in Defendant's favor;

3. For Defendant's costs of suit and its attorneys' fees incurred herein; and,

4. That Defendant be awarded such other and further relief as the Court deems just and proper.

DATED: August 7, 2002                    **PETERSON · BRADFORD · BURKWITZ**

By: /s/ Krystal Saleh
---
Avi Burkwitz, Esq.
Gil Burkwitz, Esq.
Krystal Saleh, Esq.
Attorneys for Defendant, COUNTY OF LOS ANGELES

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 100 North First Street, Suite 300, Burbank, California 91502.

On August 7, 2020, I served the foregoing document described as:

**DEFENDANT COUNTY OF LOS ANGELES' ANSWER TO PLAINTIFF'S COMPLAINT**

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED MAILING LIST**

☒ **BY MAIL:** I deposited such envelope in the mail at Burbank, California. The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Burbank, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE:** I served by facsimile a true copy of the above-described document. I am "readily familiar" with this firm's practice of processing correspondence by fax. Under that practice documents are placed in our fax machine and are processed and received simultaneously at their destination. The above-referenced document(s) was placed in the fax machine with all costs of faxing prepaid, directed to each party (using their fax number), listed on the attached Service List. Once the document has been transmitted, the fax machine provides a report indicating time of completion.

☐ **BY OVERNIGHT EXPRESS MAIL:** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence by Overnight Express mailing. Under that practice it was deposited with the Overnight Express service on that same day with proper postage thereon fully prepaid at Burbank, California in the ordinary course of business.

☐ **BY PERSONAL SERVICE:** I delivered such envelope by hand to the addressee.

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 7, 2020, at Burbank, California.

*Alicia De La Cruz*
Alicia De La Cruz

---

7
DEFENDANT COUNTY OF LOS ANGELES' ANSWER TO PLAINTIFF'S COMPLAINT

n:\files\2433-romero (cola)\pleadings\p-answer - revised final.docx

## SERVICE LIST

RE: <u>Romero, Sonia Patricia et al v. County of Los Angeles et al</u>

Case No.: 20STCV23768

Wesley G. Ouchi, Esq
The Ouchi Law Firm, A.P.C.
153 E. Walnut St.
Suite A
Pasadena, CA 91103

T: (213) 280-4330
F: (626) 440-9594

Attorney for Plaintiff, J.N., a Minor by and through his Guardian Ad Litem, Sonia Patricia Romero